**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **MARK VILLARREAL,**<br>**Individually and on behalf**<br>**of all others similarly situated,** | § | **Civil Action No. 7:25-cv-00556** |
| ***Plaintiff,*** | § | **JURY TRIAL DEMANDED** |
| **v.** | § | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |
| **TROVEC SERVICES LLC,** | § | |
| ***Defendant.*** | § | **CLASS ACTION**<br>**PURSUANT TO FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff—Mark Villarreal—brings this action individually and on behalf of all current and former Water Treatment Workers (collectively, "Plaintiff and the Putative Collective/Class Members") who worked for Defendant—Trovec Services LLC ("Trovec")—and were paid a day rate but no overtime, at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201—19, and the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. §§ 50-4-19 to -36.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA to recover overtime wages, and a Federal Rule of Civil Procedure 23(b)(3) class action pursuant to the state laws of New Mexico to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those current and former Water Treatment Workers who worked for Trovec, anywhere in the United States, at any time from December 5, 2022, through the final disposition of this matter, and were paid a day rate for each day worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Trovec misclassified Plaintiff and the Putative Collective/Class Members as independent contractors.

4. Plaintiff and the Putative Collective/Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

5. Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. The decision by Trovec not to pay overtime compensation to Plaintiff and the Putative Collective/Class Members was neither reasonable nor in good faith.

7. Trovec knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the NMMWA. Specifically, Plaintiff and the Putative Collective/Class Members did not (and currently do not) earn a salary thereby nullifying any "salary-based" exemption. *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 61, 143 S. Ct. 677, 692, 214 L. Ed. 2d 409 (2023).

9. Plaintiff and the Putative Collective/Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the NMMWA as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff prays that all similarly situated Water Treatment Workers (Putative Collective/Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23/New Mexico Class is certified as defined herein, and that Plaintiff Villarreal be designated as the Class Representative.

## II.
## THE PARTIES

12. Plaintiff Mark Villarreal worked for Trovec in Texas and New Mexico within the relevant time period. Plaintiff Villarreal did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The Putative FLSA Collective Members include those current and former Water Treatment Workers who worked for Trovec, anywhere in the United States, at any time since December 5, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Villarreal worked and was paid.

14. The New Mexico Class Members include those current and former Water Treatment Workers who worked for Trovec in New Mexico, at any time from December 5, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Villarreal worked and was paid.

[1] The written consent of Mark Villarreal is attached hereto as Exhibit A.

15. Trovec Services LLC is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **Jorge E. Villareal, 1305 Dons Dr., Mission, Texas 78572.**

## III.
## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201—19.

17. This Court has supplemental jurisdiction over the additional New Mexico state law claims under 29 U.S.C. § 1367.

18. This Court has general and specific personal jurisdiction over Trovec because Texas qualifies as Trovec's home state and because Plaintiff's claim arose in this District as a result of Trovec's conduct within this District and Division.

19. Venue is proper pursuant to 28 U.S.C. § 1391 in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, Trovec's headquarters is located in Midland, Texas, which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

21. Defendant Trovec is a water treatment service company operating throughout Texas, New Mexico and Oklahoma.[2]

[2] https://trovec.com.

22. To provide their services, Trovec employed (and continues to employ) numerous Water Treatment Workers who were paid a day rate only and no overtime—including Plaintiff and the individuals that make up the putative or potential class.

23. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

24. Plaintiff Villarreal worked for Trovec as a Field Supervisor in Texas and New Mexico from approximately March 2023 until October 2025.

25. Trovec paid Plaintiff and the Putative Collective/Class Members a day rate for each day worked. That is, Plaintiff and the Putative Collective/Class Members did not get paid if they did not work.

26. Plaintiff and the Putative Collective/Class Members' primary job duties included water disinfection and treatment, injecting chemicals into water, transferring water and chemicals, removing waste and cleaning equipment, and completing reports of water treatment.

27. Plaintiff and the Putative Collective/Class Members conducted their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Trovec.

28. Specifically, Trovec provided Plaintiff and the Putative Collective/Class Members with a detailed company handbook that included specific procedures to follow when conducting their work.

29. Trovec trained Plaintiff and the Putative Collective/Class Members on how to perform their work.

30. Plaintiff Villarreal, who had no experience in the water treatment industry prior to being hired, received several days and weeks of training from Trovec.

31. Plaintiff and the Putative Collective/Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Trovec.

32. Virtually every job function was pre-determined by Trovec, including Plaintiff and the Putative Collective/Class Members' schedule of work and related work duties.

33. Plaintiff and the Putative Collective/Class Members were prohibited from varying their job duties outside of the predetermined parameters.

34. Moreover, Plaintiff and the Putative Collective/Class Members' job functions were primarily routine in nature requiring no college education or other advanced degree.

35. Indeed, Plaintiff and the Putative Collective/Class Members are blue-collar workers.

36. Plaintiff and the Putative Collective/Class Members rely on their hands, physical skills, and energy to perform manual and routine labor in the water treatment field.

37. Trovec set Plaintiff and the Putative Collective/Class Members' pay and controlled the number of days (and hours) they worked.

38. Trovec set all employment-related policies applicable to Plaintiff and the Putative Collective/Class Members.

39. Trovec maintained control over pricing and marketing.

40. Trovec also chose equipment and product suppliers.

41. Trovec owned or controlled the equipment and supplies that Plaintiff and the Putative Collective/Class Members used to perform their work.

42. Specifically, Trovec provided Plaintiff and the Putative Collective/Class Members with company vehicles to drive and Trovec uniforms to wear.

43. Trovec provided Plaintiff and the Putative Collective/Class Members the tools needed to perform the job.

44. Trovec had the power to hire, fire, and change the conditions of employment for the Plaintiff and the Putative Collective/Class Members.

45. For example, Trovec unilaterally changed Plaintiff Villarreal's pay from a day rate to a salary in 2025. Trovec also unilaterally altered Plaintiff Villareal's employment from 1099 to W-2 at that time.

46. Trovec made all personnel and payroll decisions with respect to Plaintiff and the Putative Collective/Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Collective/Class Members a day rate with no overtime pay.

47. Trovec reimbursed Plaintiff and the Putative Collective/Class Members for expenses and bought or provided tools and equipment that Plaintiff and the Putative Collective/Class Members used.

48. Plaintiff and the Putative Collective/Class Members did not employ their own workers.

49. Plaintiff and the Putative Collective/Class Members worked continuously for Trovec on a permanent full-time basis.

50. Trovec, instead of Plaintiff and the Putative Collective/Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies.

51. Moreover, Trovec paid operating expenses like electricity, payroll, marketing, insurance, and bills.

52. Plaintiff and the Putative Collective/Class Members relied on Trovec for their work.

53. Plaintiff and the Putative Collective/Class Members did not market any business or services of their own.

54. Instead, Plaintiff and the Putative Collective/Class Members worked the hours assigned by Trovec, performed duties assigned by Trovec, worked on projects assigned by Trovec, and worked for the benefit of Trovec and their customers.

55. Trovec paid Plaintiff and the Putative Collective/Class Members on a weekly basis.

56. Plaintiff and the Putative Collective/Class Members did not earn a profit based on any business investment of their own.

57. Rather, Plaintiff and the Putative Collective/Class Members' only earning opportunity was based on the number of days they were allowed to work each week, which was controlled by Trovec and/or their customers.

58. Trovec improperly classified Plaintiff and the Putative Collective/Class Members as independent contractors.

59. The classification was improper because Plaintiff and the Putative Collective/Class Members were not in business for themselves.

60. Instead, they were economically dependent upon Trovec for their work.

61. The FLSA and the NMMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

62. Trovec denied Plaintiff and the Putative Collective/Class Members overtime pay as a result of a company-wide, illegal pay practice.

63. Plaintiff and the Putative Collective/Class Members regularly worked approximately sixty (60) to eighty-four (84) hours per week but never received overtime compensation.

64. Trovec applied this pay practice despite clear and controlling law that states that the Plaintiff and the Putative Collective/Class Members were Trovec's ***non-exempt*** employees, not independent contractors.

65. Accordingly, Trovec's pay policies and practices blatantly violated (and continue to violate) the FLSA and the NMMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

66. All previous paragraphs are incorporated as though fully set forth herein.

67. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL WATER TREATMENT WORKERS WHO WORKED FOR TROVEC SERVICES LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 5, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME.**

68. At all material times, Trovec has been and employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

69. At all material times, Trovec has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

70. At all material times, Trovec has been enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had, and have, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

71. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Trovec, these individuals provided services for Trovec that involved interstate commerce for purposes of the FLSA.

72. In performing these operations, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

73. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who worked for Trovec and were engaged in water treatment and solids management services that were directly essential to the production of goods for Trovec and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

74. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

75. In violating the FLSA, Trovec acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

76. The proposed collective of similarly situated employees—that is, putative collective members—sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in Paragraph 67.

77. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Trovec.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

78. All previous paragraphs are incorporated as though fully set forth herein.

79. Trovec violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such

employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

80. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Trovec's acts or omissions as described herein; though Trovec are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

81. Moreover, Trovec knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

82. Trovec knew or should have known their pay practices were in violation of the FLSA.

83. Trovec is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

84. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Trovec to pay overtime in accordance with the law.

85. The decision and practice by Trovec to not pay overtime was neither reasonable nor in good faith.

86. Accordingly, Plaintiff and the Putative Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

87. All previous paragraphs are incorporated as though fully set forth herein.

88. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Villarreal.

89. Other similarly situated employees have been victimized by Trovec's patterns, practices, and policies, which are in willful violation of the FLSA.

90. The FLSA Collective Members are defined in Paragraph 67.

91. Trovec's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

92. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

93. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

94. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

95. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

96. Indeed, the FLSA Collective Members are non-exempt employees entitled to overtime after forty (40) hours in a week.

97. Trovec has employed a substantial number of similarly situated workers across the United States since December 5, 2022.

98. These workers are geographically dispersed, residing and working in locations across the United States.

99. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

100. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Trovec will retain the proceeds of its rampant violations.

101. Moreover, individual litigation would be unduly burdensome to the judicial system.

102. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

103. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 67 and notice should be promptly sent.

## COUNT TWO
## (Class Action Alleging Violations of the NMMWA)

### A. NMMWA COVERAGE

104. All previous paragraphs are incorporated as though fully set forth herein.

105. The "New Mexico Class" and "New Mexico Class Members" are defined as:

**ALL WATER TREATMENT WORKERS WHO WORKED FOR TROVEC SERVICES LLC, IN NEW MEXICO, AT ANY TIME FROM DECEMBER 5, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

106. At all material times, Trovec has been an employer within the meaning of the NMMWA.

107. At all material times, Plaintiff Villarreal and the New Mexico Class Members have been employees within the meaning of the NMMWA.

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA

108. All previous paragraphs are incorporated as though fully set forth herein.

109. The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

110. Plaintiff Villarreal and other New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

111. Plaintiff Villarreal and the New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this Complaint, however, Trovec violated the NMMWA by failing to pay Plaintiff Villarreal and the New Mexico Class Members any overtime premium for hours worked over forty (40) per week.

112. Plaintiff Villarreal and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Trovec's acts or omissions as described herein; though Trovec is in possession and control of necessary documents and information from which Plaintiff Villarreal and the New Mexico Class Members would be able to precisely calculate damages.

113. In violating the NMMWA, Trovec acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

114. The proposed class of employees—that is, putative class members sought to be certified—pursuant to the NMMWA is defined in Paragraph 105.

115. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Trovec.

**C. NMMWA CLASS ALLEGATIONS**

116. Plaintiff Villarreal brings his NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Trovec to work in New Mexico since December 5, 2022.

117. Class action treatment of Plaintiff Villarreal's NMMWA claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

118. The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

119. Plaintiff Villarreal's New Mexico state-law claims share common questions of law and fact with the claims of the New Mexico Class Members.

120. Plaintiff Villarreal is a member of the New Mexico Class, his claims are typical of the claims of the New Mexico Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the New Mexico Class Members.

121. Plaintiff Villarreal and his counsel will fairly and adequately represent the New Mexico Class Members and their interests.

122. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

123. Accordingly, the New Mexico Class should be certified as in Paragraph 105.

## VI.
## RELIEF SOUGHT

124. Plaintiff respectfully prays for judgment against Trovec as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 67 and requiring Trovec to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order certifying the NMMWA Class as defined in Paragraph 105, and designating Plaintiff Villarreal as Representative of the NMMWA Class;

c. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Trovec liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f. For an Order pursuant to the NMMWA awarding Plaintiff and the New Mexico Class Members unpaid overtime and other damages allowed by law;

g. For an Order awarding the costs and expenses of this action;

h. For an Order awarding attorneys' fees;

i. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

j. For an Order awarding the Plaintiff a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of Trovec, at Trovec's own expense, should discovery prove inadequate; and

l. For an Order granting all other proper relief.

Date: December 5, 2025

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*

**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective/Class Members***